GAIDRY, J.
[Jn this medical malpractice suit, the Louisiana Patient’s Compensation Fund Oversight Board (“PCF”) appeals a trial *202 court judgment granting the defendant, Dr. Jonathan Taylor’s, exception of prematurity and dismissing the plaintiffs’ suit without prejudice. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
This suit arises from acts of alleged medical malpractice committed by Dr. Jonathan Taylor and others in June of 2005 in the care of patient Joe Ann Coates Joiner. From October 13, 2004 through October 13, 2005, Dr. Taylor was insured under a claims-made insurance policy issued by Louisiana Medical Mutual Insurance Company (“LAMMICO”). Dr. Taylor also paid the applicable surcharge to the PCF for that coverage period. Another claims-made policy was issued by LAMMICO to Dr. Taylor for the period of October 13, 2005 through October 13, 2006. However, for the 2005-2006 coverage period, Dr. Taylor financed the LAMMICO premium and the PCF surcharge through Canan-will, Inc., pursuant to an Insurance Premium Agreement, which purportedly authorized Cananwill to cancel the LAMMICO policy if Dr. Taylor failed to make a monthly payment to Cananwill. The LAMMICO claims-made policies contained a provision stating that coverage is provided for claims which are first made against the insured and reported to LAMMICO within the policy period.
Cananwill later issued a “Notice of Cancellation,” stating that Dr. Taylor’s premium finance agreement was in default and that Cananwill was requesting cancellation of the LAMMICO policy and the PCF coverage and a return of the unearned premiums. The notice stated that “a notice of cancellation ... was mailed to the insured ... on 12/12/2005” and “cancellation is to be effective on [12/12/2005], or as soon thereafter as |sstatutory, regulatory, or contractual requirements permit.” The notice also contained the following statement:
To the Insured:
You are in default under your insurance premium finance agreement with Canan-will, Inc. and, in accordance with your contract, we hereby notify you that we have directed cancellation of the policy listed above and have demanded payment of the return premium due. Cancellation is to be effective as indicated above under the terms of the premium finance agreement entered into by you, you are responsible for the full outstanding balance and we hereby demand payment of the entire balance due.
Although the Notice of Cancellation states that a copy of the notice was sent to the insured on December 12, 2005, it is unclear when the notice was actually sent to Dr. Taylor because the notice also has the dates January 7, 2006 and April 18, 2006 at the top. Although Dr. Taylor apparently later made a payment in the amount of $17,561.00 to Cananwill, an April 14, 2006 letter from Cananwill advised that his policy had been cancelled on December 12, 2005 for nonpayment and that any overpayment would be refunded.
On June 23, 2006, the plaintiffs, Author R. Joiner, II, Julius R. Coates, and Emelee King (collectively, “the Joiners”), filed a request for a medical review pan el as a result of acts of malpractice allegedly committed by Dr. Taylor and others in June 2005. The PCF initially informed the Joiners in a July 5, 2006 letter that Dr. Taylor was a qualified healthcare provider; however, the PCF later changed its response in a February 14, 2007 letter stating that Dr. Taylor was not in fact a qualified healthcare provider for purposes of the Joiners’ claim.
On March 15, 2007, after receiving notice from the PCF that Dr. Taylor was not *203 a qualified healthcare provider, the Joiners filed a petition for damages against Dr. Taylor. Dr. Taylor filed an exception of prematurity, |4claiming that he was a qualified healthcare provider for purposes of the Joiners’ claim, and as such, their claim must first he submitted to a medical review pan el before filing suit. The PCF filed a petition of intervention to oppose Dr. Taylor’s exception of prematurity. The Joiners did not oppose the exception.
After a hearing, the trial court found that coverage under the LAMMICO policy and the attendant PCF coverage remained in effect through the time that the Joiners instituted them claim in this matter, and as such, Dr. Taylor was a qualified health care provider under the Act. Due to this finding, the trial court granted Dr. Taylor’s exception of prematurity and dismissed the Joiners’ petition without prejudice, at their costs. This appeal by the PCF followed, with the following assignments of error raised by the PCF:
1. The trial court erred in finding that Dr. Taylor was a qualified healthcare provider under the Act when the pan el request was filed after PCF coverage was cancelled for failure to pay.
2. The trial court erred in ordering the PCF to provide coverage for a panel request where Dr. Taylor failed to pay for such coverage.
DISCUSSION
Louisiana Code of Civil Procedure article 926 provides for the dilatory exception of prematurity. Prematurity is determined by the facts existing at the time suit is filed. Evidence may be introduced to support or controvert the exception, when the grounds do not appear from the petition. La. C.C.P. art. 930. The exception raising the objection of prematurity may be utilized in cases where the applicable law or contract has provided a procedure for a claimant to seek administrative relief before resorting to | .Judicial action. Dunn v. Bryant, 96-1765, p. 4 (La.App. 1 Cir. 9/19/97), 701 So.2d 696, 699, writ denied, 97-3046 (La.2/13/98), 709 So.2d 752. The Medical Malpractice Act provides such a mechanism in that it requires all medical malpractice claims against qualified health care providers to be submitted to a medical review panel prior to suit being filed in any court. Louisiana Revised Statutes 40:1299.47(B); Dunn, 96-1765 at p. 5, 701 So.2d at 699. If an action against a health care provider covered by the Act has been commenced in a court of law and the complaint was not first presented to a medical review pan el, an exception of prematurity must be maintained, and the suit must be dismissed. See La. C.C.P. art. 933; La. R.S. 40:1299.47(B)(£ )(a)(i); Dunn, 96-1765 at p. 5, 701 So.2d at 699. Thus, to decide whether the exception of prematurity was properly granted, this court must determine whether Dr. Taylor was covered by the Medical Malpractice Act as a qualified health care provider at the time the Joiners instituted their claim.
La. R.S. 40:1299.47(A) provides that, in order to be qualified under the Medical Malpractice Act, a healthcare provider must file proof of financial responsibility with the PCF and pay the PCF surcharge assessed on all healthcare providers. Prior to the cancellation of his policy, Dr. Taylor met both of these requirements.
When the trial court rendered its judgment on Dr. Taylor’s exception of prematurity, the jurisprudence in this circuit held that the coverage provision in a claims-made medical malpractice liability insurance policy that denies coverage for medical malpractice that occurred during the policy period but was first made and reported after the policy period violates *204 La. R.S. 22:629, which prohibits any condition, stipulation or agreement in an insurance contract from limiting a right of action against the insurer to a|(iperiod of less than one year from the time when the cause of action accrues. Hood v. Cotter, 06-1390 (La.App. 1 Cir. 12/28/07), 978 So.2d 988. Thus, under this jurisprudence, the provision in Dr. Taylor’s LAM-MICO policy that would deny coverage for the Joiners’ claim for malpractice that allegedly occurred during the policy period but was first made and reported after the policy was cancelled, would be invalid as a violation of La. R.S. 22:629. However, the supreme court recently reversed this line of jurisprudence in Hood v. Cotter, 5 So.2d 819 (La.12/2/08), and held that although a claims-made policy may deny coverage for a plaintiffs claim, it does not limit the plaintiffs right of action in violation of La. R.S. 22:629. The supreme court in Hood also found that because the doctor’s qualification under the Medical Malpractice Act takes effect and follows the same form as the underlying medical malpractice insurance, the doctor was not a qualified health care provider for the purposes of the plaintiffs claim. Thus, under the supreme court’s recent holding in Hood v. Cotter, the provision in Dr. Taylor’s claims-made policy which would deny coverage for the Joiners’ claim made after the policy was cancelled is not considered a limitation on the Joiners’ right of action against LAM-MICO in violation of La. R.S. 22:629.
Despite the supreme court’s holding in Hood v. Cotter, we find that the cancellation of the LAMMICO policy is invalid in that it violates the provisions of La. R.S. 40:1299.45 to the extent that it affects the Joiners’ claim. Louisiana Revised Statutes 40:1299.45, entitled “Malpractice Coverage,” provides in pertinent part:
D. Every policy issued under this Part is deemed to include the following provisions, and any change which may be occasioned by legislation adopted by the legislature of the state of Louisiana as fully as if it were written therein: ...
|7(2) Any termination of this policy by cancellation is not effective as to patients claiming against the insured covered hereby, unless at least thirty days before the taking effect of the cancellation, a written notice giving the date upon which termination becomes effective has been received by the insured and the board at their offices. In no event shall said cancellation affect in any manner any claim which arose against the insurer or its insured during the life of the policy.
The cancellation of the LAMMICO policy effective December 12, 2005 affects the Joiners’ claim, which was “a claim which arose against the insurer or its insured during the life of the policy.” Although the courts have distinguished “cancellation” from “expiration” with regards to this statute, and held that expiration of a policy according to its terms was not a cancellation that would violate La. R.S. 40:1299.45(D)(2), the instant case clearly involved a cancellation. Thus, the cancellation was invalid, and Dr. Taylor’s LAM-MICO policy remained in effect for purposes of the Joiners’ claim.
Additionally, it is unclear from a review of the record whether the notice provision of La. R.S. 40:1299.45(2) was complied with in this case. The notice contains several dates; it appears the notice was originally dated December 12, 2005, but the top of the form contains the dates January 7, 2006 and April 18, 2006, and the attorney for the PCF mentioned at the hearing on the exception that the notice was not sent out until April. Absent compliance with the notice provision, the attempted cancellation of the policy was ineffective.
Finally, because Dr. Taylor’s qualification under the Medical Malpractice Act *205 takes effect and follows the same form as the underlying medical malpractice insurance, Dr. Taylor would be a qualified healthcare provider for purposes of the Joiners’ claim, and the exception of prematurity was properly granted.
| ^Regarding the PCF’s argument that it should not have to provide coverage for a panel request when Dr. Taylor failed to pay for that coverage, the PCF alleges that it cancelled Dr. Taylor’s PCF qualification retroactive to December 12, 2005 after being notified in April 2006 that LAMMICO had cancelled Dr. Taylor’s policy effective December 12, 2005 as a result of nonpayment. At the same time it notified the PCF of the policy cancellation, LAMMICO also requested a credit for the unearned portion of the PCF surcharge it paid on Dr. Taylor’s behalf.
In order to be qualified under the Act, a health care provider must provide proof of financial responsibility to the PCF and pay the applicable PCF surcharge. Although the PCF was not in possession of a surcharge from Dr. Taylor at the time the Joiners’ claim was filed, this was due to the erroneous cancellation of Dr. Taylor’s LAMMICO policy. Since we have held that this cancellation was invalid, we likewise find that the PCF cancellation was invalid and Dr. Taylor should have PCF coverage for the Joiners’ claim.
DECREE
The judgment of the district court granting Dr. Taylor’s exception of prematurity and dismissing the Joiners’ suit without prejudice is affirmed. Costs of this appeal are assessed to the PCF.
AFFIRMED.
GUIDRY, J., concurred in the result.